IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,
Inmate No. 046120,
    Plaintiff,

vs.                                        Case No.: 5:16cv96/LAC/EMT

CORIZON MEDICAL HEALTH
CARE SERVICES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 5).

Because Plaintiff is a prisoner proceeding in forma pauperis, the court may dismiss this case, or any portion thereof, if satisfied that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are

taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quotation and citation omitted). And "bare assertions"

that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face as to two of the named Defendants. Dismissal of these Defendants from this action is therefore warranted.

Plaintiff is an inmate of the Florida Department of Corrections ("DOC") currently confined at the Northwest Florida Reception Center ("NWFRC"). He identifies the following Defendants: Corizon Medical Health Care Services, Warden D.W. Maddox and Dr. J. Bayolo.

At the factual base of Plaintiff's claims appears to be an alleged "near to death incident" in which he was "food poisoned" at NWFRC on February 15, 2014. Plaintiff alleges that the food poisoning caused him to lose blood, which required a blood transfusion (ECF No. 1 at 6). Plaintiff claims that while this problem was being treated, other treatments and medications he was being provided were suspended, making his condition worse. Plaintiff claims the poison from the incident still exists in his system and has resulted in "nerve joint related illnesses" and a threat of paralysis. Plaintiff evidently requested to be sent to a neurologist for evaluation, but this request was refused by Defendant Dr. Bayolo (*id.* at 8).[1]

Accordingly, Plaintiff claims deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. As relief, he seeks declaratory and injunctive relief that he be allowed to see a neurological specialist and that he be transferred to "Central Florida" because he cannot get proper treatment at NWFRC. Plaintiff also seeks compensatory and punitive damages.

Plaintiff also names as Defendants Warden D.W. Maddox and Corizon Medical Health Care Services ("Corizon"), claiming that they are liable for failing to adequately "train for the task of providing needed medical health care" (ECF No. 1

---

[1] It does not appear that Dr. Bayolo was at NWFRC at the time of the food poisoning incident, or at least that he was the doctor on shift or otherwise involved in Plaintiff's case at that time. Plaintiff indicates that other doctors and nurses were involved and that later Dr. Bayolo was "brought in" to replace the earlier doctor(s) (ECF No. 1 at 13).

Case No.: 5:16cv96/LAC/EMT

at 14). Plaintiff states that these Defendants "have a history of such failures and a policy that officiate it's [sic] custom for the care it provides . . . " (*id.* at 10). Plaintiff identifies general DOC policies providing that inmates be treated with dignity and compassion and that Defendants honor their commitments (*id.*). Plaintiff also suggests that these Defendants knew of his medical problems because Plaintiff had filed prison grievances regarding the matter.

Upon review, the court finds that Defendants Maddox and Corizon are due to be dismissed from this action because the claims against them are based on no more than a theory of respondeat superior or vicarious liability, which provides no basis for liability under Section 1983. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Supervisory liability over the acts of subordinates may occur only when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance,

even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).

More particularly, a claim of medical indifference cannot generally be made against non-medical personnel unless they personally involved themselves with the denial of treatment or deliberately interfered with the medical treatment.  Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).  Supervisory prison officials are entitled to rely upon prison medical personnel to determine the medically proper course of treatment for an inmate.  *Id*.  Unless there is direct evidence to show that a warden or other supervisory official should not rely on this expertise, "it would be an unprecedented extension of the theory of supervisory liability to charge . . . wardens, not only with ensuring that [the inmate] received prompt and unfettered medical care, but also with ensuring that their subordinates employed proper medical procedures—procedures learned during several years of medical school, internships, and residencies."  *Id*.; *see also* Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1050 (11th Cir. 2014) (the law does not require that non-medical officials ignore the

determination and recommendation of medical staff); Dolihite v. Maughon ex rel. Videon, 74 F.3d 1027, 1054–55 (11th Cir. 1996); Acosta v. Watts, 281 F. App'x 906, 908 (11th Cir. 2008) (finding no liability against prison administrator where administrator's decision-making was grounded in decision made by medical personnel).

Alternatively, supervisory liability over the acts of subordinates may occur if there was a fundamental lack of training of the subordinates that resulted in the alleged unconstitutional violation. However, a policy-making authority's liability for a violation of individual rights "is at its most tenuous" when the claim turns on a failure to train employees. Connick v. Thompson, 131 S. Ct. 1350, 1359, 563 U.S. 51, 61 (2011) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 822–823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)). To create liability, the failure to train "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989)). The supervisory authority must have sufficient notice that there is a specific need to provide training in a particular area. Daniel v. Hancock County School Dist., 626 F. App'x 825, 834 (11th Cir. 2015) (citing Gold v. City of Miami, 151 F.3d 1346, 1351 (11th Cir. 1998)). Notice is generally recognized only where "a pattern of similar constitutional violations by untrained employees" has

occurred. *Id.* (quoting Connick, 563 U.S. at 61–63, 131 S. Ct. at 1360). Only a "policy of inaction" in light of notice of such a pattern can create liability. Connick, 563 U.S. at 62, 131 S. Ct. at 1360.

Against these legal standards, it is clear that Plaintiff's allegations against Defendants Maddox and Corizon provide no basis for supervisory liability. Plaintiff alleges only that these Defendants "have a history" of failing to train employees. This bald, general assertion does not establish notice for the need of training, especially in light of the maxim expressed above that prison supervisory officials should be able to rely on the medical expertise of their own qualified personnel. Nor do Plaintiff's general citations to general policies regarding inmate dignity and care provide any specificity to his claim such that any supervisory personnel should be liable for the particular medical problem that Plaintiff experienced. Finally, as stated above, the mere fact that Plaintiff used the prison grievance procedure to address his medical issues is insufficient to implicate supervisory liability.

Accordingly, Defendants Maddox and Corizon should be dismissed from this action because the complaint fails to state a claim upon which relief may be granted against them. The court will separately order that Plaintiff file a third amended complaint that excises these Defendants, so that the complaint may be served against the remaining Defendant.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** against **Defendants Corizon Medical Health Care Services and Warden D.W. Maddox** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 7th day of June 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**